IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONARDO NUNEZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THOMAS P. STRIGENZ,<br><br>　　　　　　Defendant. | **8:25CV8**<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on Plaintiff's correspondence dated January 23, 2025, which the Court construes as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Filing No. 9. Plaintiff states he "would like to dismiss" his case "and would like the monthly filing fee payments to halt immediately." *Id.*

　　　　While Plaintiff is free to voluntarily dismiss this action at this stage of the proceedings,[1] the Court wanted to make Plaintiff aware that it cannot direct Plaintiff's institution to cease from collecting funds towards the payment of the $350.00 filing fee in this case. The Prison Litigation Reform Act ("PLRA") requires an indigent inmate who files a lawsuit in federal court to pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court

---

[1] Rule 41(a) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In addition, Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

to waive an in forma pauperis prisoner's filing fee. It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). **In other words, even if the Court were to dismiss this case, Plaintiff remains obligated to pay the $350.00 filing fee so long as he remains a prisoner.** The fact that Plaintiff may have been ignorant of section 1915(b)'s terms and his obligation to pay the Court's filing fee prior to filing his action and motion to proceed in forma pauperis does not relieve him from the law's requirements. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law.").

Although Plaintiff has not submitted any payments to the Court as of this date, his submission of "[a]n application to proceed in forma pauperis is consent for the institution to release trust account information to the clerk and to pay any filing fee required by 28 U.S.C. § 1915(b)." NECivR 3.3(b)(1). Moreover, "[t]he court must continue to collect, and the institution must continue to pay, the filing fee required by 28 U.S.C. § 1915(b)(1) until the fee is fully paid, despite dismissal of a case in which the court granted leave to proceed in forma pauperis." NECivR 3.3(b)(2). In other words, there is no guarantee that Plaintiff's institution will not collect and remit payments to the Court even if this case is dismissed. *See Blackstock v. Nebraska Department of Correctional Services et al.*, No. 8:18-cv-00555-RGK-PRSE (D. Neb.) (Filing No. 23, Mar. 14, 2019, Memorandum and Order denying plaintiff's motion for refund of filing fees collected after plaintiff voluntarily dismissed action).

Given that Plaintiff will remain obligated to make payments towards the filing fee while incarcerated, the Court will not act on Plaintiff's motion

for voluntary dismissal at this time and will, instead, order Plaintiff to expressly inform the Court in writing within 30 days whether he wishes to continue to pursue this case. If Plaintiff truly does not wish to pursue this action any further, the Court will grant Plaintiff's motion to voluntarily dismiss this case, but he should be aware that he will remain responsible for payment of the filing fee so long as he is incarcerated even if this case is dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **March 10, 2025,** to inform the Court in writing if he wants to continue pursuing this case or if he wants to voluntarily dismiss this case. **If Plaintiff fails to respond to this Memorandum and Order by March 10, 2025, the Court will grant Plaintiff's pending motion to dismiss, and this action will be dismissed without prejudice and without further notice**.

2. If Plaintiff wants to continue with this litigation, Plaintiff shall have until **March 10, 2025,** to pay his initial partial filing fee in accordance with the Court's January 17, 2025, Memorandum and Order, Filing No. 8, or show cause why he cannot pay.

3. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 10, 2025**: deadline for Plaintiff to respond regarding motion to dismiss or pay any portion of his initial partial filing fee or show cause why he cannot pay.

4. The Court will reserve ruling on Plaintiff's motion to dismiss, Filing No. 9, until after Plaintiff has an opportunity to respond to this Memorandum and Order.

Dated this 6th day of February, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4